No. 15-0543 - State of West Virginia v. David K.

**FILED**
**October 11, 2016**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Justice, joined by WORKMAN, Justice, concurring, in part, and dissenting, in part:

I join Justice Workman's separate opinion in full. I write separately to emphasize the authority of our circuit courts to control matters that arise during trial and with particular regard to a child who is a victim of a sex crime and who is testifying against his or her perpetrator. The majority finds the trial court erred when it allowed the child victim to testify via closed-circuit television without first following the procedure set forth in West Virginia Code §§ 62-6B-1 to -4 (2014). Concluding that such error does not survive a plain error analysis, the majority affirms the petitioner's conviction. While I concur in the majority's decision to affirm the conviction, I disagree with its conclusion that the trial court erred in this matter, which arises from its faulty analysis concerning West Virginia Code §§ 62-6B-1 to -4 and the precepts set forth in *Maryland v. Craig*, 497 U.S. 836 (1990).

Here, the child victim was called to the witness stand and answered preliminary questions, such as her name and address. Once the prosecutor began to question the victim regarding her step-father's sexual assault of her, the victim would not testify. A sidebar was held during which the trial judge questioned the victim concerning matters unrelated to the criminal allegations. While able to respond to those questions, the victim also said she was nervous and that there was nothing that would calm her down. Thereafter, the prosecutor

1

resumed his direct examination with specific regard to the criminal allegations and, again, the victim was silent. After several more unsuccessful attempts to elicit answers from the child victim, the trial judge initiated a second sidebar during which he expressed concern that the child was becoming traumatized. The trial judge suggested that the child be taken to the local magistrate court to complete her testimony via live closed-circuit television. Although the trial judge expressly sought alternative suggestions and/or objections to proceeding in that manner, counsel offered none. The petitioner's only request was that a deputy be present in the room during the child's testimony to guard against coaching.[1] Thereafter, the victim's testimony was completed via live closed-circuit television, including the petitioner's cross-examination of the victim. This procedure clearly met the requirements of *Maryland v. Craig* and preserved the petitioner's constitutional right to confront the witness against him.

Although the majority finds the procedure set forth in West Virginia Code §§ 62-6B-1 to -4 is mandatory, such conclusion impinges upon this Court's constitutional mandate to determine evidentiary and substantive procedural issues. Such mandate may not be usurped through a legislative enactment. Further, even if the majority were correct in its conclusion that this statutory procedure is mandatory, here, the prosecutor had no reason to believe that the child victim would be unable to testify at trial. Consequently, he had no

---

[1]The request appears to have been made because the child's aunt was accompanying her to the magistrate court. In the end, the victim did not answer questions regarding the sexual assault and abuse until her aunt and the deputy left the room and she was alone.

2

cause to invoke this statutory, pre-trial procedure to obtain the child's testimony via closed-circuit television. Importantly, this statutory procedure is silent regarding the child victim who becomes traumatized while on the witness stand, calling into question its applicability under these facts and circumstances.

Once the child victim became so traumatized that she could not respond to questioning, it was incumbent upon the trial court to act, not only to protect the child's well-being, but also to protect and ensure the petitioner's right to confront the witnesses against him.[2] Indeed, "[t]o safeguard the integrity of its proceedings and to insure the proper administration of justice, a circuit court has inherent authority to conduct and control matters before it in a fair and orderly fashion." Syl. Pt. 2, *State v. Fields*, 225 W.Va. 753, 696 S.E.2d 269 (2010).

As indicated above, the trial judge sought suggestions and objections from counsel—none were given. Critically, the petitioner never mentioned West Virginia Code § 62-6B-3 during trial. Instead, he was silent on the issue until convicted, after which he

---

[2]*See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him[.]"); *see also* W.Va. Const. art. III, § 14 ("[T]he accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witnesses against him. . . .").

moved for a new trial on the basis that West Virginia Code § 62-6B-1 to -4 had not been followed.[3]

In short, I firmly believe the trial court properly acted within its authority to protect the "integrity of its proceedings" while "insur[ing] the proper administration of justice." *Fields*, 225 W.Va. at 753, 696 S.E.2d at 269, syl. pt. 2, in part. For these reasons, as well as those set forth in Justice Workman's separate opinion, I respectfully concur, in part, and dissent, in part, to the majority's decision in this case.

---

[3]Even if the petitioner were correct in his assignment of error, it may well have been invited error. *See State v. Crabtree*, 198 W.Va. 620, 627, 482 S.E.2d 605, 612 (1996) ("'Invited error' is a cardinal rule of appellate review applied to a wide range of conduct. . . . Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences." ).